**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-6092

**Case Name** Valve Corporation v. Users of Valve's Video Game Platform, Steam

**Counsel submitting this form** Shay Dvoretzky

**Represented party/parties** Valve Corporation

*Briefly describe the dispute that gave rise to this lawsuit.*

Respondents are 358 users of Valve's video game platform, Steam, all purportedly represented by Bucher Law PLLC. Counsel for Respondents sought to launch several thousand arbitrations against Valve in 2023, invoking an arbitration agreement in the Steam Subscriber Agreement between Valve and Steam users then in effect. Counsel for Respondents thereafter (i) obtained rulings from an arbitrator holding the arbitration agreement in the Steam Subscriber Agreement was unenforceable and (ii) commenced a putative class action on behalf of all US Steam users in the district court asserting claims that overlap with the claims counsel for Respondents were pursuing in arbitration.

Because of the arbitrator's rulings and Respondents' counsel's duplicative class action, Valve amended the Steam Subscriber Agreement to remove the arbitration agreement and class action waiver. All Respondents accepted the new agreement. Bucher Law refused to honor it, however, so Valve sought a declaration that the new agreement binds Respondents and an injunction preventing Respondents' arbitrations from proceeding.

*Briefly describe the result below and the main issues on appeal.*

The district court denied Valve's motion for a preliminary injunction. It recognized that Respondents assented to the new agreement, but concluded that the forum provision is substantively and procedurally unconscionable.

Recognizing that the law is unsettled in this area and its conclusions are in tension with other courts' decisions, however, the court granted Valve's petition to certify its preliminary injunction order for interlocutory appeal under 28 U.S.C. § 1292(b). Valve then petitioned this Court to appeal, and the Court granted the motion on September 16, 2026.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

See attached addendum.

**Signature** /s/ Shay Dvoretzky **Date** September 22, 2026

*(use* "s/[typed name]" *to sign electronically-filed documents)*

## ADDENDUM

There are many thousands of arbitrations pending before the AAA on similar issues, as well as putative class actions involving similar allegations. The arbitrations have led to numerous court proceedings to confirm or vacate a number of arbitral awards and actions seeking to compel arbitration or similar relief (e.g., orders directing Valve to pay arbitration fees), as well as this appeal of an order denying Valve's request to enjoin arbitrations.

There are at least six related cases before this Court: *Valve Corporation v. Fish*, No. 26-5475; *Valve Corporation v. Lucas*, No. 26-5477; *Valve Corporation v. Graber*, No. 26-5509; *Valve Corporation v. Lefebvre*, No. 26-5539; *Valve Corporation v. Birenbaum*, No. 26-5662; and *Valve Corporation v. Vicente*, No. 26-5668.