No. 26-6092

In the
# United States Court of Appeals
for the Ninth Circuit

VALVE CORPORATION,

*Petitioner-Appellant,*

v.

USERS OF VALVE'S VIDEO GAME PLATFORM, STEAM,

*Respondents-Appellees.*

On Appeal from the United States District Court for the Western District of Washington, No. 2:24-cv-01717-JNW
Hon. Jamal N. Whitehead, *United States District Judge*

## RESPONDENTS-APPELLEES' MOTION TO EXPEDITE BRIEFING

William Ward Bucher IV
BUCHER LAW PLLC
1000 Brickell Ave
Suite 715
Miami, FL 33131
T: 202.997.3029
E: will@bucherlawfirm.com

William R. Burnside
BAILEY DUQUETTE P.C.
800 Fifth Avenue
Suite 101-800
Seattle, Washington 98104
T: 206.353.8021
E: will@baileyduquette.com

**RESPONDENTS-APPELLEES' MOTION TO EXPEDITE BRIEFING**

Respondents-Appellees consumers move to expedite briefing under Circuit Rule 3-3. The consumers contacted Valve regarding expedited (1) briefing and (2) hearing or submission. Valve filed a motion on the latter without agreeing to the former.

Circuit Rule 3-3 establishes an expedited briefing schedule for appeals from interlocutory orders granting or denying preliminary injunctions. Subsection (b) makes that schedule the default: "Unless otherwise established by Court order in a particular case, the following briefing deadlines will apply:" The opening brief and excerpts of record are due within 28 days after the notice of appeal is docketed in the district court; the answering brief and any supplemental excerpts are due within 28 days after service of the opening brief; and any reply is due within 21 days after service of the answering brief.

This appeal reached the Court by permission under § 1292(b), but the order under review denied Valve's request for a preliminary injunction. *Valve v. Users of Valve's Video Game Platform, Steam*, Case No. 26-5123, Dkt. 1, SA7-38 ("*Users*"). Valve claims it needs that extraordinary relief to prevent irreparable harm. *Id.* at 35–36. That

asserted need for urgent relief supports the expedited treatment provided by Circuit Rule 3-3.

Six related appeals are waiting, too. At Valve's request, appeals concerning completed arbitrations and final awards are stayed pending resolution of this appeal: *Valve v. Fish*, No. 26-5475 (9th Cir.); *Valve v. Birenbaum*, No. 26-5662 (9th Cir.); *Valve v. Lucas*, No. 26-5477 (9th Cir.); *Valve v. Vicente*, No. 26-5668 (9th Cir.); *Valve v. Lefebvre*, No. 26-5539 (9th Cir.); and *Valve v. Graber*, No. 26-5509 (9th Cir.). If those appeals concerning final awards must wait for this appeal concerning preliminary relief, this one should move promptly pursuant to a schedule for injunctive relief under Circuit Rule 3-3.

Valve has also asked the district court to postpone ruling on the consumers fully briefed and pending motion to dismiss in light of this appeal. That motion presents the same contract issue and additional defenses to enforcement in a dispositive setting. Valve is thus asking both courts to wait for this preliminary relief appeal before moving other dispositive proceedings forward.

Under these circumstances, further delay would be unjust to all consumers. Two courts' findings underscore why. First, in rejecting

Valve's suit against the consumers' counsel, the Washington Court of Appeals explained that the volume of arbitration demands "is a direct result of [Valve's] own agreement barring class actions and prohibiting collective or representative arbitration," and added that on this issue, "Valve is hoist by its own contractual petard." *Valve Corp. v. Bucher Law PLLC*, 571 P.3d 312, 321 n.6 (Wash. Ct. App. 2025).

Second, the district court found that Valve's claimed harm from potentially unnecessary costs in arbitrations it had compelled was self-inflicted. *Users*, Dkt. 1, SA34. The consumers, especially those with final awards, should not bear avoidable delay simply to accommodate Valve's preferred order for resolving the chaos its own choices created.

The ordinary sequence described in *In re Sussex* underscores the problem with Valve's proposed course of delay. Judicial involvement ordinarily comes before arbitration or after a final award; intervention during arbitration is exceptional. 781 F.3d 1065, 1071–73 (9th Cir. 2015). *Sussex* also rejected cost and delay as grounds for premature intervention. *Id.* at 1074–75. Here, Valve seeks to place review of its unsuccessful attempt to stop ongoing arbitrations ahead of both review

of completed awards and a dispositive ruling on the same contract issue. That is unjust.

The consumers therefore propose a schedule that preserves Valve's existing opening-brief deadline and measures each subsequent deadline from actual service of the preceding brief. Respondents respectfully request the Clerk enter the following schedule:

1. Opening brief and excerpts of record: October 28, 2026, as currently scheduled.
2. Answering brief and any supplemental excerpts of record: Within 28 days after service of Valve's opening brief.
3. Reply brief, if any: Within 21 days after service of the consumers answering brief.

The consumers request that no extensions of these deadlines be permitted. The parties have already briefed the underlying issues in the district court and the permission-to-appeal proceeding, supporting completion of briefing on this schedule.

Dated: October 16, 2026

Respectfully submitted,

/s/ *William R. Burnside*

William R. Burnside

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

I hereby certify that (1) this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) and the page limitation of Circuit Rule 27-1(1)(d) because the motion does not exceed 20 pages and, as calculated by Microsoft Word, it contains 695 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f); and (2) this motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Century Schoolbook font.

Dated: October 16, 2026

Respectfully submitted,

/s/ *William R. Burnside*
William R. Burnside

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. All participants in the case are registered ACMS users and will be served by the ACMS system.

Dated: October 16, 2026

Respectfully submitted,

/s/ *William R. Burnside*
William R. Burnside